Filed 6/28/22 P. v. Belyew CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C094617 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF02211) |
| v. | |
| LISA MARIE BELYEW, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Lisa Marie Belyew asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant subsequently filed a supplemental brief contending that the imposition of sentence for her prior strike offense pursuant to Penal Code section 1170.12[1] was unconstitutional and raising issues relating to the validity of her plea and the judgment.  After reviewing the record and defendant's supplemental

---

[1] Undesignated statutory references are to the Penal Code.

1

arguments, we have found no merit in defendant's contentions and no arguable error that would result in a disposition more favorable to defendant. We will affirm the judgment.

I

While defendant was incarcerated in the Butte County Jail, she threw a milk carton containing urine and fecal matter at a deputy sheriff. Defendant pleaded no contest to gassing and the parties stipulated to a four-year sentence to be served concurrent with the sentence defendant was serving in Colusa County Superior Court case No. 16CF06270 (No. 6270). Defendant also agreed to withdraw her request for pretrial mental health diversion and not seek mental health diversion in case No. 6270. The trial court sentenced defendant to four years in state prison in accordance with the plea agreement. There were no custody credits because defendant was already in custody in case No. 6270 and this sentence was to run concurrent with her sentence. Defendant was advised and agreed that she would not receive custody credits in this matter in her plea agreement. The trial court ordered defendant to pay a conviction assessment of $30 (Gov. Code, § 70373), a court operations assessment of $40 (§ 1465.8), and a restitution fine of $300 (§ 1202.4, subd. (b)), with an additional $300 parole revocation fine (§ 1202.45). During the sentencing hearing, defendant confirmed she withdrew her request for mental health diversion in accordance with the plea agreement.

Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief, arguing (1) remand is required to permit the trial court to determine whether she is eligible for pretrial mental health diversion, (2) her counsel was ineffective in negotiating her plea, (3) her counsel should have argued the

charge was a "wobbler" subject to reduction to a misdemeanor, (4) the trial court failed to properly calculate her custody credits, and (5) these cumulative errors warrant reversal.

To the extent defendant's claims assert errors arising prior to the plea, they attack the validity of her plea and her failure to obtain a certificate of probable cause forfeits the issues for appellate review. (*People v. LaJocies* (1981) 119 Cal.App.3d 947, 956-957.) As part of her plea, defendant agreed to withdraw her request for pretrial mental health diversion and not seek mental health diversion in case No. 6270. She is not permitted to raise a claim of error related to this withdrawal in relation to her plea without a certificate of probable cause.

Defendant's supplemental brief asserts issues that arose before she entered her plea, including the voluntariness of her plea and ineffective assistance of counsel on matters that occurred before her plea. We cannot review these arguments without a certificate of probable cause. (*People v. Kaanehe* (1977) 19 Cal.3d 1, 8-9; *People v. Richardson* (2007) 156 Cal.App.4th 574, 596.)

To the extent defendant's claims of error relate to issues arising during the plea and sentencing, the claims are forfeited because she did not raise them in the trial court. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [failure to timely raise a sentencing issue in the trial court forfeits the issue for appellate review].) Her claim regarding custody credits is forfeited because it was not raised below.

Further, defendant's claims of ineffective assistance and other challenges based on matters outside the record must be raised by way of a petition for writ of habeas corpus and not by direct appeal. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267; *People v. Williams* (2013) 56 Cal.4th 630, 690-691.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                    _____/S/_____
                                    MAURO, J.


We concur:



_____/S/_____
HULL, Acting P. J.



_____/S/_____
KRAUSE, J.